# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
TIMOTHY WOODY and CARMEN
VERDUGO WOODY, As the Parents and
Natural Guardians of V.W., An Infant,

              Petitioners,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

              Respondent.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

No. 13-366V
Special Master Christian J. Moran

Filed: November 20, 2014

Attorneys' fees and costs; award in the amount to which respondent does not object.

Mark T. Sadaka, Mark T. Sadaka, LLC, Englewood, NJ, for Petitioners;
Ryan D. Pyles, U.S. Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

      On November 19, 2014, petitioners filed a stipulation of fact concerning final attorneys' fees and costs in the above-captioned matter. Previously, petitioners informally submitted a draft application to respondent for review requesting $14,654.36 for attorneys' fees and costs. Respondent found petitioners' application to be reasonable. The Court awards this amount.

      On May 30, 2013, Timothy Woody and Carmen Verdugo Woody filed a petition for compensation alleging that a diphtheria-tetanus-acellular pertussis (DTaP) vaccine that their son, V.W, received on April 6, 2012, caused him to suffer encephalopathy. On May 22, 2014, petitioners filed a Motion for a Decision Based on the Record. Respondent responded that compensation be denied for

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

petitioners.  The undersigned denied compensation because the medical records did not satisfy petitioners' burden.  Decision. filed Oct. 23, 2014.

Even though compensation was denied, a petitioner who brings her petition in good faith and who has a reasonable basis for the petition may be awarded attorneys' fees and costs.  See 42 U.S.C. § 300aa–15(e)(1).  Here, counsel for petitioners spent time gathering medical records and filing affidavits for petitioners.   Counsel consulted the parties whether to have a hearing to determine V.W.'s condition and propose a course of action.  At this point, counsel took steps to resolve this case relatively quickly so as not to increase costs and expenses unnecessarily.  Thus, because petitioners' counsel acted in good faith and there was a reasonable basis for proceeding, petitioners are eligible for an award of attorneys' fees and costs.  Respondent does not contend that petitioners failed to satisfy these criteria.

Petitioners seek a total of **$14,654.36** in attorneys' fees and costs for their counsel.  Additionally, in compliance with General Order No. 9, petitioners state that they did not incur any in out-of-pocket litigation expenses while pursuing this claim.  Respondent has no objection to the amount requested for attorneys' fees and costs.

After reviewing the request, the Court awards the following:

**A lump sum of $14,654.36 in the form of a check made payable to petitioner and petitioner's attorney, Mark T. Sadaka, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

The Court thanks the parties for their cooperative efforts in resolving this matter.  The Clerk shall enter judgment accordingly.

Any questions may be directed to my law clerk, Chrstina Gervasi, at (202) 357-6521.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master
